Case 4:25-cv-00605   Document 33   Filed on 08/20/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Gabryelle Daniels, in the Interest of D.O., a Minor, | § § § § | |
| *Plaintiff*, | § § | Civil Action No. 4:25-cv-00605 |
| v. | § § § | |
| City of Houston, Chasity Velasquez, John Colburn, Dionne McCloud, and Wesley Stafford,[1] | § § § § § | |
| *Defendants*. | § § | |

## **MEMORANDUM, RECOMMENDATION, AND ORDER**

This is a civil rights suit. Each defendant except Wesley Stafford, who has yet to be served, has filed a motion to dismiss all claims. *See* Dkt. 17 (City of Houston's motion); Dkt. 19 (Chasity Velasquez's motion); Dkt. 20 (Dionne McCloud's motion); Dkt. 21 (John Colburn's motion); *see also* Dkt. 14 (unexecuted return of service on Wesley Stafford). Plaintiff Gabryelle Daniels subsequently filed a motion to voluntarily dismiss, without prejudice, her claims against Stafford. *See* Dkt. 30. Separately, Daniels also filed a motion to reconsider the Court's order striking her non-compliant motion for leave to file an amended complaint. *See* Dkt. 31 (seeking reconsideration of Dkt. 29).

---

[1] This caption utilizes the correct spellings of Velasquez's and Colburn's names. *See* Dkt. 19 at 1 n.1; Dkt. 21 at 1 n.1.

She also submitted a letter requesting that the Court email her a copy of the docket sheet. Dkt. 32.

It is recommended that Daniels's motion for voluntary dismissal of her claims against Defendant Stafford (Dkt. 30) be granted. After carefully considering the remaining defendants' motions to dismiss, Dkt. 17, 19, 20, 21, Daniels's responses, Dkt. 18, 24, the complaint, and the applicable law, it is further recommended that the motions to dismiss be granted and that Daniels's claims be dismissed without prejudice for lack of jurisdiction.

It is also ordered that the Court denies Daniels's request for reconsideration (Dkt. 31) of the order striking her motion for leave to amend. The Court does, however, grant her request (Dkt. 32) for a copy of the docket sheet, which will be sent together with this opinion.

## Background

Daniels alleges that her child, D.O., was sexually assaulted in 2022 while only 14 years old by a man whom the child met online. *See* Dkt. 1 at 4, 8. The suspect allegedly confessed. *See id.* at 5. According to the complaint, D.O. was also "human trafficked by two other grown men," although it is unclear how those allegations are linked to the sexual assault. *See id.*

Daniels complains that Defendant Chasity Velasquez, a detective in the Special Victims unit who was assigned to investigate the offenses against Daniels's child, did not respond to Daniels's requests for updates. *See id.* at 2,

5. Daniels then contacted a supervisor, Defendant Dionne McCloud, who responded only once, and then Defendant John Colburn, a supervisor over crimes against children, who "was helpful at first" but then stopped responding. *See id.* After Daniels sent a complaint to the Mayor of the City of Houston, she was contacted by Defendant Wesley Stafford, an Assistant District Attorney. *See id.* Stafford told Daniels that prosecutors would "move forward" by charging the man who assaulted her child with "human trafficking," which Daniels believes is not the appropriate charge. *See id.* at 5-6. Daniels also faults the "human trafficking unit" for failing to investigate the two other suspects and keep her apprised. *See id.* at 6.

Daniels filed this suit, alleging that the City of Houston, Velasquez, McCloud, Colburn, and Stafford violated her (or perhaps her child's) rights to "liberty, equal protection and due process." *See id.* at 4. She seeks damages for her child's medical needs and for mental anguish. *See id.*

The U.S. Marshals were unable to serve Stafford at the address Daniels had provided. *See* Dkt. 14 (noting that Stafford's address had changed). The other defendants appeared and filed motions to dismiss, *see* Dkt. 17, 19, 20, 21, to which Daniels responded, Dkt. 18, 24. Daniels also filed two separate motions for leave to amend, Dkt. 25, 28, both of which were stricken for failure to include a certificate of conference. *See* Dkt. 29.

Daniels then filed a motion requesting voluntary dismissal of her claims against Stafford. Dkt. 30. She also filed a motion to reconsider the order striking her motion for leave to amend, Dkt. 31, and a letter requesting that a copy of the docket sheet be emailed to her, Dkt. 32. This opinion addresses all the pending motions.

## Analysis

### I. Daniels lacks standing to sue for Defendants' failure to investigate and prosecute crimes against her child.

Defendants argue that Daniels lacks standing to bring constitutional claims that challenge law enforcement's delays or failures to investigate offenses committed by others against her child. *See* Dkt. 17 at 5; Dkt. 19 at 6; Dkt. 20 at 6; Dkt. 21 at 6. Daniels's responses do not address this issue. *See generally* Dkt. 18, 24. As explained below, Daniels's lack of standing forecloses this Court from exercising jurisdiction over her claims.

"Article III standing is a jurisdictional prerequisite." *Crenshaw-Logal v. City of Abilene, Tex.*, 436 F. App'x 306, 308 (5th Cir. 2011) (citations omitted). To invoke the jurisdiction of a federal court, a plaintiff must establish standing by meeting three irreducible constitutional requirements. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Binding precedent has analyzed those requirements in a strikingly similar context. In *Lefebure v. D'Aquilla*, 15 F.4th 650, 651-52, 654 (5th Cir. 2021), the Fifth Circuit held that a sexual assault survivor lacked Article III standing to sue various officials who failed to investigate and prosecute her assailant. The allegations, as the Fifth Circuit noted, were "sickening." *Id.* at 651. Priscilla Lefebure claimed she was raped multiple times by the assistant warden of a state prison, at his home. *Id.* The warden then conspired with the defendant district attorney, a sheriff, and others to ensure that the warden "would not be investigated or prosecuted for his crimes." *Id.* at 652. Lefebure sued the prosecutor, sheriff, and others under 42 U.S.C. § 1983, asserting constitutional violations, including the denial of equal protection under the Fourteenth Amendment, based on D'Aquilla's failure to act on her complaint. *Id.* at 653. Although the district court found that Lefebure had standing to assert those claims, *see id.*, the Fifth Circuit disagreed. *Id.* at 655.

Relying on *Linda R.S. v. Richard D.*, 410 U.S. 614, 617-19 (1973), the Fifth Circuit held that "a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution." *See Lefebure*, 15 F.4th at 652. The Fifth Circuit reasoned, in part, that courts cannot redress a citizen's dissatisfaction with

officials' decision not to investigate or prosecute a crime. *See id.* at 654. Because "the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch," courts cannot "dictate to executive branch officials" which persons should be investigated or prosecuted. *See id.* This means plaintiffs lack standing to challenge those executive branch decisions. *See id.* As the opinion states:

> Under this established principle of standing, each of us has a legal interest in how *we* are treated by law enforcement—but not a legally cognizable interest in how *others* are treated by law enforcement. So people accused of a crime have an obvious interest in being treated fairly by prosecutors. And victims of crime have a strong interest in their own physical safety and protection. But victims do not have standing based on whether *other* people—including their perpetrators—are investigated or prosecuted.

*Id.* at 652. The Fifth Circuit therefore held that Lefebure lacked standing to bring her claims. *See id.* at 655.

The *Lefebure* decision is instructive. At their core, Daniels's constitutional claims challenge officials' acts and omissions related to their investigation of criminal offenses committed by others. Much like the plaintiff in *Lefebure*, Daniels complains that law enforcement has not properly investigated and pressed criminal charges against suspects responsible for a sexual assault—here, against her child. *See* Dkt. 1 at 4-6; *see also, e.g.*, Dkt. 24 at 4 (Daniels alleging that Colburn failed to properly manage the investigation), *id.* at 5 (Daniels accusing McCloud of improperly failing to

6

reassign the case to a different detective). Under *Lefebure*, however, courts cannot second-guess those discretionary decisions about the handling of a criminal investigation, whether those decisions concern which suspects to charge or when and how any information is shared with Daniels. *See Lefebure*, 15 F.4th at 654. Neither Daniels nor her child has standing to challenge those decisions. This Court should grant Defendants' requests to dismiss all claims for lack of jurisdiction.

## II.   Amendment would be futile.

Separately from her responses to the motions to dismiss, *see* Dkt. 18, 24, Daniels filed two motions for leave to amend her complaint, Dkt. 25, 28. This Court struck her motions because they failed to include the necessary certificate of conference with Defendants' counsel. *See* Dkt. 29 at 1 (citing S.D. Tex. L.R. 7.1(d)). Daniels then filed a request to reconsider that ruling. Dkt. 31. Even that filing lacks a required certificate of conference, and it does not indicate that Daniels rectified the deficiency with respect to her original motions for leave to amend by conferring with counsel and ascertaining whether Defendants are opposed to the requested relief. *See* Dkt. 31 at 2 (stating only that Daniels "forwarded the motions to the attorney of records [sic]"). These deficiencies alone would justify denying Daniels's request for reconsideration.

More fundamentally, however, no amount of repleading can change the outcome. Daniels maintains that she can plead more facts about Defendants' failures to arrest or investigate suspects who harmed her daughter. *See* Dkt. 28 at 2. That could not cure Daniels's lack of standing to sue law enforcement for those types of acts or omissions. *See supra* Part I. Amending the complaint would thus be futile. *See, e.g.*, *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (leave to amend can be denied where the proposed amendment "could not survive a motion to dismiss"); *Viera v. Hudman*, 2024 WL 111353, at *2 (5th Cir. Jan. 10, 2024) (affirming denial of leave to amend when plaintiffs' proposed new allegations would not cure their lack of standing). For this reason, the Court denies Daniels's request to reconsider the order striking her motion for leave to amend.

## Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Gabryelle Daniels's motion to dismiss her claims against Defendant Wesley Stafford (Dkt. 30) be **GRANTED** and that those claims be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(a)(1).

It is further **RECOMMENDED** that the motions to dismiss filed by Defendants City of Houston (Dkt. 17), Chasity Velasquez (Dkt. 19), Dionne McCloud (Dkt. 20), and John Colburn (Dkt. 21) be **GRANTED**, and that all

claims against those defendants be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

It is further **ORDERED** that Daniels's motion to reconsider (Dkt. 31) the order striking her motions for leave to amend is **DENIED**.

It is further **ORDERED** that Daniels's request for an emailed copy of the Court's docket sheet (Dkt. 32) is **GRANTED**. The clerk of court is directed to email a copy of that docket sheet to Daniels, and also to send a copy of this opinion by email and regular mail, to Daniels's record addresses.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 20, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge